UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

WAYNE D. MCDUFFIE,

    Defendant.

NO.  CR-08-102-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR NEW TRIAL**

Before the Court is Defendant's Motion for New Trial and for an Order Immediately Releasing Defendant from Custody (Ct. Rec. 183). A hearing on this motion was held on August 5, 2009. Defendant was present and represented by Richard Wall; the Government was represented by Assistant United States Attorney Aine Ahmed.

Defendant moves for a new trial on the grounds that the Government failed to disclose exculpatory evidence required by *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *viz.*: the fact that Detective Barrington's fingerprint was found on an electronic scale recovered when Defendant was arrested at the Ash apartment on November 30, 2007.

*Brady* prohibits the prosecution from suppressing "evidence favorable to an accused...where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. "There are three components of a *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009) (internal quotation and citation

**ORDER GRANTING DEFENDANT'S MOTION FOR NEW TRIAL** * 1

1    omitted). A failure to disclose *Brady* material is prejudicial if "admission of the
2    suppressed evidence would have created a reasonable probability of a different result."
3    *Id.* at 911. A "reasonable probability" is one "sufficient to undermine confidence in the
4    outcome of the trial." *Id.*

5        Defendant argues that the presence of the fingerprint is exculpatory because it
6    undermines the reliability of the evidence and supports his argument that Det.
7    Barrington tampered with the evidence seized from the Ash apartment in an effort to
8    pressure Defendant into providing favorable testimony in an unrelated case. Defendant
9    argues that the failure to disclose was prejudicial because the defense could not
10   adequately prepare to address the significance of the fingerprint at trial, and because the
11   Court might have ruled differently on certain pretrial motions if the evidence had been
12   disclosed.

13       The Government concedes that it became aware of this evidence on July 9, 2009
14   (five days before trial), during an interview with the Government's fingerprint expert,
15   and did not disclose this evidence to the defense until the Government's direct
16   examination of the expert at trial. However, the Government argues that (1) the
17   evidence is not actually exculpatory; (2) Defendant had ample opportunity to interview
18   the fingerprint expert and/or retain his own expert to examine the scale; (3) the evidence
19   was disclosed in sufficient time to be of value to Defendant; and (4) no prejudice
20   resulted.

21       The Court rejects the Government's second argument here because Defendant
22   bears no part of the burden under *Brady*. "Rather, the prosecution has a *duty to learn* of
23   any exculpatory evidence known to others acting on the government's behalf" and
24   disclose that evidence to the defense. *Price*, 566 F.3d at 909 (emphasis in original).
25   Thus, whether Defendant bears any blame for failing to learn of and develop this
26   information before trial is irrelevant to the Court's *Brady* analysis.

27       Out of context, the presence of a police officer's fingerprint on a piece of
28   evidence is not plainly exculpatory. However, during the extensive pretrial proceedings

**ORDER GRANTING DEFENDANT'S MOTION FOR NEW TRIAL** * 2

in this matter, including the testimony of both Defendant and Det. Barrington at pretrial hearings, it became clear that Defendant intended to challenge both the legitimacy of the evidence recovered from the Ash apartment and Det. Barrington's credibility as a witness. Counsel's arguments and the evidence adduced at trial only reinforced the centrality of these issues to Defendant's theory of the case. Defendant admitted buying the scale but claimed that the scale, on which Det. Barrington's print was found, was new and that there was no reason for cocaine to be found on the scale. Defendant could not explain how cocaine residue was found on the scale. Defendant was left with an unsupported inference that someone had tampered with the scale.

The fingerprint would have provided a direct connection between Det. Barrington and the scale. It was clear that Det. Barrington was not at the Ash apartment to conduct a search or arrest. Those functions were performed by others. Det. Barrington was present to question Defendant about his being a witness to a murder. Under Defendant's theory of the case, there was no reason for Det. Barrington to touch anything at the scene. Defendant had been uncooperative with Barrington in the investigation of the murder. According to Defendant, Det. Barrington must have tampered with the evidence to put pressure on Defendant. Without the print, this inference was difficult at best. With the print, a jury could have found Defendant's theory credible.

Moreover, Det. Barrington was arguably the prosecution's key witness, not only testifying about his own participation in the searches and seizures at issue, but also providing expert testimony about drug dealers' *modus operandi* and the process of manufacturing crack cocaine. While the evidence from the Ash apartment was relevant only to the element of intent (*i.e.*, whether Defendant possessed the crack cocaine recovered from the Walnut apartment with the intent to distribute), the jury might have questioned Det. Barrington's credibility as a whole if the jury credited Defendant's theory that Det. Barrington tampered with the scale.

In this context of Defendant's theory of the case, the Court finds the presence of

**ORDER GRANTING DEFENDANT'S MOTION FOR NEW TRIAL** * 3

Det. Barrington's fingerprint on the scale to be favorable to Defendant, thereby satisfying the first element of a *Brady* violation. Because the Government concedes that it failed to disclose the evidence before trial, the only question remaining is whether the suppression of the evidence prejudiced Defendant. Clearly, the failure to disclose prevented Defendant from presenting any affirmative evidence regarding standard police procedures that might have supported his tampering theory. Rather, defense counsel was limited to unprepared cross-examination of the Government's expert witness, and an unsupported and speculative closing argument. Under these circumstances, the suppression of the evidence until its surprise disclosure at trial undermines the Court's confidence in the outcome of the trial. Therefore, the Court finds that the suppression constitutes a *Brady* violation and requires a new trial.

The Court will refer this matter to Magistrate Judge Imbrogno for consideration of the second portion of Defendant's motion (*viz.*, his request to be released from custody).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for New Trial and for an Order Immediately Releasing Defendant from Custody (Ct. Rec. 183) is **GRANTED in part**.

2. The jury verdict of guilty on counts one and two (Ct. Rec. 180) is **vacated**.

3. The Court's Order Regarding Schedule for Guideline Sentencing (Ct. Rec. 182) is **vacated.**

4. A jury trial is **set** for **September 28, 2009,** at 9:00 a.m. in Spokane, Washington. Counsel shall appear at 8:30 a.m. the first day of trial. Counsel shall contact the Court if they believe a pretrial conference is necessary.

4. This matter is **referred** to Magistrate Judge Imbrogno for consideration of Defendant's motion for release from custody.

///

///

///

**ORDER GRANTING DEFENDANT'S MOTION FOR NEW TRIAL** * 4

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel, the U.S. Probation Office, and Magistrate Judge Imbrogno.

**DATED** this 13th  day of August, 2009.


_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

Q:\CRIMINAL\2008\McDuffie\newtrial.ord.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR NEW TRIAL** * 5