UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　v.<br><br>WAYNE D. MCDUFFIE,<br><br>　　Defendant. | NO. CR-08-102-RHW<br><br>**ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION** |

Before the Court are the Government's Motion for Reconsideration (Ct. Rec. 227) and Motion to Expedite Hearing thereupon (Ct. Rec. 228). These motions were heard on an expedited basis without oral argument.

The Government asks the Court to reconsider its order denying the Government's motion for a stay and granting Defendant's motion to suppress, arguing that the Court erroneously found that it retained jurisdiction despite the Government's interlocutory appeal of the Court's order granting a new trial. The Court relied upon a 1982 case holding that "an order granting a new trial in a criminal case is not appealable before retrial." *United States v. Dior*, 671 F.2d 351, 357 (9th Cir. 1982). The Government argues that Congress legislatively overruled *Dior* and similar cases in the Comprehensive Crime Control Act of 1984, which amended 18 U.S.C. § 3731 to specifically allow the Government to appeal a trial court's order granting a new trial. The Government therefore reasserts its position that the Court lacks jurisdiction to revisit Defendant's motion to suppress, and argues that Defendant can cross-appeal the Court's denial of his motion to suppress. In response, Defendant argues that he will be unable to do so because "a defendant may not cross-appeal from an interlocutory appeal

**ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION** * 1

under section 3731." *United States v. Eccles*, 850 F.2d 1357, 1361 (9th Cir. 1988).

The Ninth Circuit has not explicitly overruled *Dior* following the 1984 amendment, and there appears to be some confusion in post-1984 case law. *Compare People of Territory of Guam v. Borja*, 983 F.2d 914, 916 (9th Cir. 1992) (noting that "[a] trial court's grant of a new criminal trial is not a final, appealable order") *with United States v. Smith*, 832 F.2d 1167, 1168 (9th Cir. 1987) (reversing a district court's order granting a new criminal trial and noting that 28 U.S.C. § 1291 and 18 U.S.C. § 3731 provided jurisdiction). Nonetheless, even if the Court's order granting a new trial is appealable, the appeal divests this Court of jurisdiction only "over those aspects of the case involved in the appeal." *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Court's denial of Defendant's motion to suppress is, of course, not involved in the Government's appeal of the order granting a new trial. Moreover, Defendant appears to be correct that the Court of Appeals will have no jurisdiction to hear a cross-appeal of the denial of his motion to suppress, which the Court found was erroneous in light of *United States v. Gonzalez*, --- F.3d ---, 2009 WL 2581738 (9th Cir. 2009).

If the Government is unsuccessful in securing a reversal of the Court's order granting a new trial, upon remand the Court would have no choice but to enter an order granting Defendant's motion to suppress. Because suppression would leave the Government with no evidence upon which to proceed to trial, the Government would then have no choice but to appeal the Court's order granting the motion to suppress or dismiss the case. This decision should be made now. A second appeal would further delay the resolution of this case for a minimum of two years. Therefore, in the interest of judicial economy and to consolidate appeals, the Court declines to reconsider its order granting the motion to suppress.

///

**ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION** \* 2

Accordingly, **IT IS HEREBY ORDERED:**

1. The Government's Motion to Expedite (Ct. Rec. 228) is **GRANTED.**

2. The Government's Motion for Reconsideration (Ct. Rec. 227) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 13th day of October, 2009.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2008\McDuffie\deny.reconsider2.ord.wpd

**ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION** * 3